UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No. 2:21-cr-053 |
| v. | : | Chief Judge Algenon L. Marbley |
| RONALD LEE JACOBS, | : | |
| Defendant. | : | |

**OPINION & ORDER**

This matter is before the Court on Defendant Ronald Lee Jacobs's Motion to Reopen Detention and Order Defendant Released on Conditions Pending Appeal (ECF No. 111). A bond hearing was held in this case on Tuesday, September 13, 2022, at 10:30 a.m. In a prior Opinion & Order, the Court granted Defendant's request to reopen his detention hearing pursuant to 18 U.S.C. § 3142(f)(2)(B), finding that the suppression of Defendant's confession constituted new information with a material bearing on the detention issue. (ECF No. 115).

Defendant requests immediate release to home confinement at his parents' residence, subject to personal supervision by his parents and electronic location monitoring if required. (ECF No. 111 at 2–3). The merits of Defendant's request are considered herein. First, the Court will apply the standard bond factors contained in 18 U.S.C. § 3142(g); and second, it will address Defendant's due process challenge. Because neither warrants pretrial release on these facts, Defendant's Motion (ECF No. 111) is **DENIED** on the merits. The Court has already given its oral ruling, but herein follows it with a written order pursuant to 18 U.S.C. § 3142(i)(1) (detention order shall "include written findings of fact and a written statement of the reasons for the detention").

1

## I. BOND FACTORS

The bond statute provides that, "in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community," the Court "shall" consider the following factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . ;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including—
> > (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> > (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The Magistrate Judge performed this analysis during the April 5, 2022 bond hearing. The Magistrate Judge found "[b]y clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community," and "[b]y a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required." (ECF No. 60 at 2). A rebuttable presumption arose under 18 U.S.C. § 3142(e)(3) "because there is probable cause to believe that the defendant committed" offenses under 18 U.S.C. § 924(c)—to wit, "brandishing a firearm during a crime of violence"—and Defendant failed to introduce sufficient rebuttal evidence. (ECF No. 60 at 2). The Magistrate Judge enumerated the following specific reasons for detention: "Weight of evidence against the defendant is strong"; "Subject to lengthy period of incarceration

if convicted"; "Prior criminal history"; "Participation in criminal activity while on probation, parole, or supervision"; "History of violence or use of weapons"; "History of alcohol or substance abuse"; and "Prior violations of probation, parole, or supervised release." (*Id.* at 2–3). As further explanation, the Magistrate Judge wrote: "Defendant's criminal history includes violent offenses and weapons charges. Additionally, the current charges are repetitive of past convictions and occurred while Defendant was under state supervision." (*Id.* at 3).

The Court granted Defendant's Motion to Exclude Confession on May 20, 2022, suppressing a confession obtained from Defendant by Columbus Police on November 2, 2020. (ECF No. 103). There, the Court noted that the Detective's use of "the threat of police unlawfully ransacking [the Defendant's] father's home" during his successful extraction of the Defendant's confession "was objectively coercive, sufficient to overbear Defendant's will, and critical in forcing Defendant to confess." (*Id.* at 8). Consequently, the Court found that the Government failed to meet its burden to show the confession was voluntary and ordered the confession to be suppressed. (*Id.*) Even with the confession excluded, however, most of these factors cut the same way. First, the charged offenses are unchanged from the previous bond hearing. A rebuttable presumption in favor of detention still arises under 18 U.S.C. § 3142(e)(3) because a grand jury found probable cause that Defendant brandished a firearm during a crime of violence.

Second, the weight of the evidence is somewhat weaker with the confession excluded, but it still includes: (1) surveillance footage of the robbery locations; (2) clothing recovered from the home of Defendant's girlfriend that purportedly matches the surveillance footage; (3) a partial fingerprint lifted from a pack of gum at one of the robbery scenes; and (4) recorded jail calls suggestive of a financial motive. (ECF No. 111 at 6–7). The Court ruled on many of these issues *in limine* and determined: (1) the Government will be permitted to make identifications from the

surveillance footage, subject to a proper foundation (ECF No. 105 at 5–7); (2) Defendant's clothing is admissible under the inevitable-discovery doctrine (ECF No. 106 at 9–11); (3) the Government may introduce fingerprint evidence (ECF No. 105 at 11–13); and (4) the recorded jail calls are relevant, fall under a hearsay exclusion, and do not risk unfair prejudice (*Id.* at 7–9). On the other hand, Defendant will introduce an alibi defense for one of the alleged robberies—the same one for which there is fingerprint evidence—"as he was working . . . during the time of the robbery." (ECF No. 111 at 13). The Government intends to rebut that alibi by showing Defendant "had time to leave work, commit the robbery, and return to work." (ECF No. 112 at 4). On balance, the evidence against Defendant remains substantial, albeit weaker than before.[1]

Third, Defendant's history and characteristics have not changed. Defendant still has a lengthy criminal history which includes violent offenses and weapons charges. (ECF No. 60 at 3; No. 111 at 13). Defendant enumerated his criminal history as follows:

> receiving stolen property (age 19); abduction and tampering with evidence (age 21); carrying a concealed weapon (age 23); non-support/contribution to nonsupport of dependents (age 29); and aggravated robbery and weapons under disability (age 30).

(*Id.*). The current charges are repetitive of past convictions for armed robbery and occurred while Defendant was on parole from a state conviction. (ECF No. 60 at 3; No. 111 at 13). Defendant raises certain redemptive factors in his family and community ties and gainful employment (*Id.*), but the overall history and characteristics still counsel for detention.

---

[1] On the eve of his bond hearing, Defendant filed a Motion to Supplement the Defense Motion to Reopen Detention, consisting of a declaration from defense investigator Duwan Carter (ECF No. 117). Defendant submitted the declaration for the purpose of weakening the Government's evidence against him. (*Id.*). The declaration contains accounts from "victims for each robbery count listed in the Superseded Indictment." (ECF No. 117-1). The Court grants the motion. Upon review, however, the Court finds that this declaration does not contain new facts that minimize the strength of the Government's case against Jacobs.

Fourth, Defendant argues that the weaker evidence against him diminishes his flight risk and the danger posed to the public. The difference, though, is marginal. Defendant still faces decades of mandatory imprisonment if convicted of the charged counts, which elevates the risk of flight. By the Government's calculation, the mandatory term on the firearms charges is 42 years, not accounting for any consecutive sentence on the robbery charges.[2] (ECF No. 112 at 2).

Defendant is aided by two facts—his self-surrender to the Columbus Division of Police and the absence of failure-to-appear charges (ECF No. 111 at 14)—but the flight risk remains substantial. The danger to the public likewise is high, given Defendant's history of robbery offenses is similar to those charged.

On renewed consideration of the bond factors contained in 18 U.S.C. § 3142(g), the Court finds, as the Magistrate Judge did in the original detention order: "that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community," nor could it "reasonably assure the defendant's appearance as required." (ECF No. 60 at 2).

## II. DUE PROCESS

As a separate basis for release, Defendant argues that "further detention can . . . violate his due process rights," "if not already." (ECF No. 111 at 2). "[U]nder the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). "[L]iberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). Still, "the Government's regulatory interest in community safety can, in appropriate circumstances, outweigh an individual's liberty interest." *Id.* at 748.

---

[2] *See* 18 U.S.C. § 924(c)(1)(D)(ii) ("no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed").

In *United States v. Watson*, 475 F. App'x 598, 601 (6th Cir. 2012), the Sixth Circuit considered a similar due process challenge. Watson, already a convicted felon, had been arrested for possession of illicit drugs with intent to distribute as well as possession of a firearm. *Watson*, 475 F. App'x at 599. Watson was ordered to be detained pending trial "due to the severity of the charges against him, his criminal history, his possible involvement in a potentially fatal shooting of a third party, and the danger he posed to the community." *Id.* Although the district court suppressed the items found on Watson's person after his arrest, as well as his post-arrest statements, it twice denied his motion to reopen his detention hearing. *Id.* Watson subsequently filed an appeal of the district court's denial of his motion to reopen his detention hearing as well as its determination that his due process rights were not violated by his continued detention. *Id.* The Sixth Circuit affirmed the district court's denial; Watson had been detained awaiting trial for almost two years by then. *Id*. at 601, 603.

Emphasizing the case-specific nature of the determination whether the pretrial detention is unconstitutionally excessive, the *Watson* court analyzed four factors:

> (1) the length of the detention; (2) the extent of the prosecution's responsibility for the delay of the trial; (3) the gravity of the charges; and (4) the strength of the evidence upon which the detention was based.

475 F. App'x at 601 (citing *United States v. El–Hage*, 213 F.3d 74, 79 (2d Cir. 2000)).

On the first factor, Defendant's pretrial detention now exceeds 1 year, 8 months. Accounting for the expected duration of the interlocutory appeal, it is likely to reach or approach two years—comparable to *Watson*, where the Sixth Circuit found no due process violation. *Id.*

> Courts have found lesser periods of detention to be a violation of due process, *United States v. Melendez–Carrion*, 790 F.2d 984, 1004 (2d Cir. 1986) (finding detention for eight months without bail on the grounds of dangerousness violated due process), but they have also found lengthier periods that were not in violation of the Fifth Amendment. *El–Hage*, 213 F.3d at 79–81 (finding that a detention period of 30–33 months did not violate due process where the prosecution bore

6

>little responsibility for the delay, trial preparation was time-consuming, the case involved complex legal issues, and the charges against the defendant were grave).

*Watson*, 475 F. App'x at 601–02. Canvassing the cases, the district court in *United States v. Omar* distilled a sensible rule: "the longer the detention, the more weighty countervailing concerns must be." 157 F. Supp. 3d 707, 716 (M.D. Tenn. 2016) (applying "heightened scrutiny" to pretrial detention of four years, and ultimately finding further detention violative of due process). To be certain, Defendant has been subject to a prolonged period of detention, which will grow longer still before the interlocutory appeal resolves. Even so, "[t]he length of pretrial detention is not dispositive, and will, by itself, rarely offend due process," so the Court "must look to the other factors in conjunction with length of detention." *Watson*, 475 F. App'x at 601–02.

On the second factor, the prosecution does not bear responsibility for delay. Though the interlocutory appeal was filed by the Government, Defendant's cited authorities confirm that "[a]n appeal by the prosecution alone does not constitute delay by the prosecution for purposes of the court's considerations here." *United States v. Shareef*, 907 F. Supp. 1481, 1485 (D. Kan. 1995). By statute, the Government must "certif[y] to the district court that the appeal is not taken for purpose of delay." 18 U.S.C. § 3731; *see also Watson*, 475 F. App'x at 602 (factor weighed against defendant where government complied with this obligation and defendant did not object). The Government has so certified. (ECF No. 107). As such, this factor does not favor release.

Third, the Court considers "the gravity of the charges." The charges are, in a word, grave: Defendant is charged with 6 armed robberies, carrying decades of imprisonment if he is convicted. In *Watson*, the Sixth Circuit regarded a maximum term of 10 years for a repeat drug offender as "very grave," and weighed this factor against the defendant. *Watson*, 475 F. App'x at 602. Here, too, the charged offenses are serious crimes with lengthy terms of imprisonment if convicted. This factor disfavors release.

7

Fourth, the strength of the evidence remains substantial, although it is weaker with the confession excluded. The facts of this case approximate *Watson*, where the district court suppressed the defendant's "post-arrest statements" and "the items found on Watson's person after his arrest," but "did not suppress the gun and drugs seized from the home." *Watson*, 475 F. App'x at 599. The suppression ruling aided Watson's due process claim, but "there was still admissible evidence on which the district court could determine that Watson remained a danger to the community." *Id.* at 600–01. Defendant's citation to *Shareef* is inapposite for this point. In *Shareef*, the strength of the evidence favored release because "[t]he trial judge ha[d] suppressed **all** of the evidence in the case," leaving "**no** admissible evidence upon which defendants could be tried." *Shareef*, 907 F. Supp. at 1484 (second emphasis added). This Court's suppression ruling was much narrower. Because the evidence against Defendant remains weighty, this factor disfavors release.

The Court therefore concludes that the particular circumstances of Defendant's pretrial detention do not rise to a due process violation. The period of detention is significant, but it is justified by the countervailing concerns of flight risk and danger to the community. The Court reserves the right to revisit this determination, on its own motion or Defendant's, as the period of pretrial detention grows.

### III.  CONCLUSION

The Court's suppression ruling constituted good cause to reopen Defendant's bond hearing. Neither the evidence nor argument adduced at the hearing remedies the safety concerns and flight risk that have justified Defendant's detention to date. On that basis, Defendant's Motion (ECF No. 111) is **DENIED** on the merits, and Defendant will remain in detention pending the interlocutory appeal and trial.

**IT IS SO ORDERED.**

                                              **ALGENON L. MARBLEY**
                                              **CHIEF UNITED STATES DISTRICT JUDGE**

**Dated: September 28, 2022**